# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 14, 2021

Lyle W. Cayce
Clerk

No. 20-60720
Summary Calendar

Kelley Mbi Anchieweh Alvine,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A213 327 529

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.
Per Curiam:*

Kelley Mbi Anchieweh Alvine, a native and citizen of Cameroon, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Through

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60720

counsel, she asserts that the IJ "cherry pick[ed] minor inconsistencies" to reach an adverse credibility finding. Her argument lacks merit as the factfinder may rely on any inconsistencies in making a credibility determination "as long as the totality of the circumstances establishes that an asylum applicant is not credible." *See Avelar-Oliva v. Barr*, 954 F.3d 757, 763-64 (5th Cir. 2020) (quoting *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009)); 8 U.S.C. § 1158(b)(1)(B)(iii). The BIA supported its determination with specific reasons based on the record, including: (1) her nonresponsive answers to certain questions and her poor demeanor; (2) inconsistencies concerning the treatment she received at the hospital; and (3) inconsistencies concerning her work history. Anchieweh Alvine has not explained the inconsistencies or shown that based on the "totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *See Avelar-Oliva*, 954 F.3d at 767 (internal quotation marks and citation omitted). Therefore, the BIA's adverse credibility determination is supported by substantial evidence. *See id.*; *Wang v. Holder*, 569 F.3d at 538-39. The adverse credibility determination is fatal to her claims as the factual basis for her claims was the same and the denial of relief turned on the assessment of her credibility. *See Suate-Orellana v. Barr*, 979 F.3d 1056, 1061 (5th Cir. 2020); *Chun v. INS*, 40 F.3d 76, 78-79 (5th Cir. 1994).

Next, Anchieweh Alvine argues that the BIA erred by determining that she was not eligible for asylum as a member of the particular social group of indigenous people of Southern Cameroon where the IJ did not make an adverse credibility finding or an explicit finding as to this claim. The BIA specifically determined that she waived this issue by not presenting it to the IJ and that this issue was moot because it affirmed the adverse credibility determination. Because this claim was not presented to the IJ and the BIA declined to review the claim, Anchieweh Alvine failed to exhaust it, and, thus, we lack jurisdiction to review the claim. *See* 8 U.S.C. § 1252(d)(1);

No. 20-60720

*Cantarero-Lagos v. Barr*, 924 F.3d 145, 151-53 (5th Cir. 2019); *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009).

Finally, Anchieweh Alvine asserts that the third country transit bar applied by the IJ has been overturned. We review only the BIA's decision "unless the IJ's decision has some impact on" that decision. *Wang*, 569 F.3d at 536. We may review the IJ's findings and conclusions if the BIA adopts them. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Because the BIA did not adopt the IJ's application of the third country transit bar, this part of the IJ's decision is not before this court, and therefore we need not consider Anchieweh Alvine's contentions on the issue. *See Wang*, 569 F.3d at 536.

The petition for review is DENIED in part and DISMISSED in part.